1
2
3
4
5
6             IN THE UNITED STATES DISTRICT COURT
7                  FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| Lonnie Rey Bryant, | No. CV-08-614-PHX-SRB (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Warden Bock, et al. | |
| Respondents. | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254.  (docket # 1)  Respondents have filed an Answer.  (docket # 12)  Petitioner has not replied despite having been granted an extension of time to do so.  (dockets # 13, # 14)

**I. Factual and Procedural Background**

On September 12, 1989, a Maricopa County Grand Jury indicted Petitioner on three counts of child molestation (Counts I, II, and IV), class 2 felonies and dangerous crimes against children; and one count of public sexual indecency to a minor, a class 5 felony.  (Respondents' Exh. A) On May 18, 1990, Petitioner pleaded guilty to child molestation (Count II), a class 2 felony and first degree dangerous crime against children; and attempted child molestation (amended Count IV), a class 3 felony and second degree dangerous crime against children.[1]  (Respondents' Exhs. B-D)

---

[1]  The Honorable Kenneth L. Fields presided.

Following a mitigation hearing on August 22, 1990, the trial court sentenced Petitioner to an aggravated term of 20 years imprisonment on Count II.  (Respondents' Exh. E at 1, 3-5; Exh. F at 1-69, 81-83)  The court suspended imposition of sentence on Count IV, and placed Petitioner on lifetime probation.  (Respondents' Exh. E at 6-9, F at 79-81)

## A.  Direct Appeal

On August 29, 1990, Petitioner filed a timely notice of appeal.[2]  Petitioner subsequently moved to dismiss the appeal.  (Respondents' Exh. H at 1)  On November 2, 1990, the Arizona Court of Appeals granted Petitioner's motion and dismissed the appeal.  (Respondents' Exh. H at 4)

## B.  First Post-Conviction Proceeding

On August 31, 1992, Petitioner filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.  (Respondents' Exh. I)  The trial court appointed counsel.  (Respondents' Exh. J)  On December 23, 1992, counsel notified the court that he could find no colorable claims to raise on post-conviction review.  (Respondents' Exh. K)  On January 6, 1993, the trial court dismissed the post-conviction proceeding.  (Respondents' Exh. L at 1)  Petitioner did not seek review in the Arizona Court of Appeals.  (Respondents' Exh. QQ at 4-5)

## C.  Second Post-Conviction Proceeding

On April 27, 1994, Petitioner commenced his second post-conviction proceeding by simultaneously filing a notice of post-conviction relief and a supporting petition. (Respondents' Exhs. M, N)  Petitioner asserted that counsel was ineffective for leading Petitioner to believe that the court would sentence him to ten years imprisonment pursuant to his guilty plea and for failing to inform that court he had promised Petitioner a ten year sentence.  (Respondents' Exh. M at 2)  The court appointed counsel. (Respondents' Exh. O)

---

[2] Pursuant to current Arizona law, a pleading defendant waives his right to a direct appeal. A.R.S. § 13-4033(B) (stating that "[i]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); *see also* Ariz.R.Crim.P. 17.1(e).  However, at the time of Petitioner's offenses and guilty plea, that rule was not in effect.  *See* 1992 Ariz. Sess. Laws ch. 184, § 1 (adopting A.R.S. § 13-4033(B)).

1    After review of the record, counsel notified the court that he could find no colorable claims

2    to raise on post-conviction review.  (Respondents' Exh. P)  On October 7, 1994, Petitioner

3    filed a supplemental petition again claiming ineffective assistance of counsel and

4    complaining about the lack of therapy, such as counseling, in prison.  (Respondents' Exh. Q

5    at 4-7)   On December 16, 1994, the trial court dismissed the petition finding Petitioner's

6    claims precluded because he failed to raise them on direct appeal or in his first post-

7    conviction proceeding.  The court rejected Petitioner's claim regarding the lack of therapy as

8    not cognizable on post-conviction review.  (Respondents' Exh. S at 2)   Petitioner did not

9    seek review in the Arizona Court of Appeals.  (Respondents' Exh. QQ at 4)

10              **D.  Third Post-Conviction Proceeding**

11              On June 5, 1995, Petitioner filed a third notice of post-conviction relief asserting that

12   counsel "lie[d] at the mitigation hearing and denied [having promised Petitioner a 10-year

13   sentence] and he didn't say this was [Petitioner's] first offense and [Petitioner] was getting

14   therapy."  (Respondents' Exh. T at 2)  On June 28, 1995, the trial court dismissed the notice

15   of post-conviction relief, finding that Petitioner's claims were precluded because they were

16   the same as those found precluded in his second post-conviction proceeding.  (Respondents'

17   Exh. U)  Petitioner did not seek review in the Court of Appeals.  (Respondents' Exh. QQ at

18   4)

19              **E.  Fourth Post-Conviction Proceeding**

20              On January 8, 1996, Petitioner commenced his fourth post-conviction proceeding by

21   filing a notice and petition for post-conviction relief.  Petitioner again argued that counsel

22   lied about his potential sentence and failed to "say anything about [Petitioner] getting

23   therapy" at the mitigation hearing.  (Respondents' Exh. V at 2-3) The trial court summarily

24   dismissed the proceeding on January 18, 1996, reaffirming its June 28, 1995 ruling that

25   Petitioner's claims were precluded.  (Respondents' Exh. X)  Petitioner did not seek relief in

26   the Arizona Court of Appeals.  (Respondents' Exh. QQ at 4)

27

28

## F. Fifth Post-Conviction Proceeding

On April 14, 1997, Petitioner filed a fifth petition for post-conviction relief raising seven grounds for relief:

1. The trial court erred by imposing an aggravated sentence without "articulating specific findings of aggravating circumstances."

2. The trial court "created reversible error . . . and exceeded its jurisdiction [by] sentencing Defendant pursuant to an illegal plea agreement."

3. Because Arizona law required a 10 year term of imprisonment for Count IV, "to be served consecutive to Count II," the trial court erred by not awarding Petitioner credit on Count IV for time served on Count II.

4. The trial court "abuse[d] its discretion" by (a) disclosing in front of other inmates that Petitioner was charged with child molestation, thereby endangering Petitioner's life and reflecting judicial bias against Petitioner; (b) accepting Petitioner's plea agreement, which was "[s]tatutorily [d]efective" because it provided for an illegal probation term; (c) failing to "articulate the reasons for aggravating [Petitioner's] sentence;" (d) failing to follow Arizona's sentencing scheme; and (e) entering judgment and sentence against Petitioner even though the court's failure to comply with the sentencing statute had divested it of subject matter jurisdiction to do so.

5. Petitioner's guilty plea was involuntary because change-of-plea counsel failed to notice the plea's "statutory defect[]" and the trial court "failed to reject [the] defective plea."

6. Change-of-plea counsel was ineffective for failing to attend hearings, file certain motions, adequately explain the plea agreement to Petitioner, interview mitigation witnesses, and object to errors at sentencing.

7. Both of Petitioner's post-conviction counsel were ineffective for failing to identify cognizable claims to raise on post-conviction review.

(Respondents' Exh. Y)  Petitioner further argued that his claims of ineffective assistance of counsel were not precluded under Ariz.R.Crim.P. 32.2 because the state courts had not previously reached the merits of those claims.  (Respondents' Exh. Y at 24-28) On June 24, 1997, the court[3] dismissed the petition for post-conviction relief concluding that:

> The defendant's claims herein are precluded as not previously raised on appeal or in earlier post-conviction relief proceedings.  Additionally, his claim[s] now that his counsel in his earlier post-conviction relief proceedings were ineffective are not colorable.  *State v. Krum*, 183 Ariz. 299, 903 P.2d 596 (1995).

---

[3] The Honorable Gregory H. Martin presided.

1   (Respondents' Exh. Z)   On July 7, 1997, Petitioner moved for rehearing and requested that

2   Judge Gregory H. Martin recuse himself.  (Respondents' Exh. AA)  Petitioner argued that

3   Judge Martin erred by finding Petitioner's claims precluded and by finding his claim of

4   ineffective assistance of post-conviction counsel not colorable.  (Respondents' Exh. AA)

5   On October 6, 1997, Petitioner filed a motion requesting a ruling on his motion for

6   rehearing.  Before the court ruled on the motion for rehearing, in February 1998, Petitioner

7   requested leave to file a petition for review in the Arizona Court of Appeals

8   "notwithstanding . . . [the trial court's] lack of action" on the motion for rehearing.

9   (Respondents' Exh. BB)   On March 24, 1998, the trial court denied Petitioner's motion for

10  rehearing.  (Respondents' Exh. CC)

11          In the meantime, on March 18, 1998, Petitioner filed a petition for review in the

12  Arizona Court of Appeals.  (Respondents' Exh. DD) Petitioner argued that his claims were

13  based on newly discovered evidence, and therefore, exempt from Rule 32.2's rules regarding

14  preclusion.  (Respondents' Exh. DD) Petitioner further argued that: (1) the court erred by

15  failing to articulate the aggravating circumstances at sentencing; (2) the court erred by

16  sentencing Petitioner pursuant to an "illegal plea agreement," (3) the court erred by not

17  giving Petitioner credit on Count IV for "time served" on Count II; (4) the trial judge was

18  biased, sentenced Petitioner in excess of its jurisdiction, and "fail[ed] to follow statutory

19  law;" (5) Petitioner's plea was involuntary because the plea was "statutorily defective;" (6)

20  change-of-plea counsel was ineffective for failing to explain the plea agreement, attend

21  certain hearings, file certain motions, interview witnesses, and object to the invalid plea

22  agreement; and (7) both first and second post-conviction relief counsel were ineffective.

23  (Respondents' Exh. DD)   On December 13, 1999, the Arizona Court of Appeals denied

24  review.  (Respondents' Exh. EE)

25          **G.  Sixth Post-Conviction Proceeding**

26          Over six years later, on June 4, 2006, Petitioner commenced a sixth post-conviction

27  proceeding asserting that:

28                  his sentence violated his 8th amendment rights and that his sentence

1   is not within the sentencing statute.  Defendant claims that his attorney was
2   ineffective . . .for fail[ing] to research defendant's sentence rang[e] before
    he was sentence[d] to prison.  Defendant claims that he was given a twenty
3   year sentence, and at the same time, lifetime intensive probation when he is
    released.  Defendant claims that this sentence is cruel and unusual punishment
    that violates his 8th amendment right.  Defendant was not given under the
4   sentencing statutes, the 'special condition' statute, which defendant's sentence
    would be enhanced.  Because there is no special condition in this case, defendant's
5   sentence was illegally enhanced, which violates his 8th amendment rights.

6   (Respondents' Exh. FF)

7           On July 25, 2006, the trial court dismissed the notice as untimely and found

8   Petitioner's claim precluded.  The court explained that:

9           Defendant filed on June 13, 2006 an untimely Notice of Post-Conviction
            Relief.  This is defendant's sixth Rule 32 filing.  The mandate on
10          direct appeal was issued on November 6, 1990 and the first Rule 32
            proceeding was dismissed on January 6, 1993.  Defendant claims that
11          his sentences are excessive and constitute cruel and unusual punishment
            and his trial attorney provided ineffective assistance.  Pursuant to Rule
12          32.2(a), Arizona Rules of Criminal Procedure, he is precluded from relief
            because these claims either were or should have been raised on direct
13          appeal or in the first Rule 32 proceeding.

14  (Respondents' Exh. GG)

15          On August 2, 2006, Petitioner moved for reconsideration arguing that his claims were

16  not precluded under Ariz.R.Crim. P. 32.1(e) and (g) because they were based on newly

17  discovered evidence and the trial court's misapplication of Arizona's sentencing code.

18  (Respondents' Exh. HH)  Petitioner further argued that his Fifth Amendment "rights [were]

19  being violated, because he [was] not able to redress the constitutional violation done to him

20  during his criminal process" and that he was entitled to a jury trial on the dangerous crimes

21  against children allegations under *United States v. Booker*, 543 U.S. 220 (2005).

22  (Respondents' Exh. HH at 4-5)  The trial court denied the motion.  (Respondents' Exh. II)

23          On September 18, 2006, Petitioner petitioned the Arizona Court of Appeals for

24  review.  (Respondents' Exh. JJ) Petitioner argued that: (1) the trial court erred by dismissing

25  his petition for post-conviction relief as untimely and finding his claims precluded; (2)

26  change-of-plea counsel was ineffective; (3) the trial court violated his Fifth Amendment

27  rights by denying him a remedy for the constitutional violations; (4) Petitioner's lifetime

28  probation and the sex offender registration statute are impermissible *ex post facto* laws; (5)

1    the trial court abused its discretion by imposing an aggravated sentence; and (6) his

2    sentences violate the Eighth Amendment.  (Respondents' Exh. JJ)   The Court of Appeals

3    denied review on August 8, 2007.  (Respondents' Exh. KK)

4         On August 14, 2007, Petitioner sought review in the Arizona Supreme Court.

5    (Respondents' Exh. LL)  Petitioner argued that counsel was ineffective, the trial court erred

6    in failing to conduct a competency hearing *sua sponte*, and the court violated Petitioner's

7    Sixth Amendment rights by failing to advise him of the "statutory maximum sentence."

8    (Respondents' Exh. LL) On December 7, 2007, the Arizona Supreme Court denied review.

9    (Respondents' Exh. MM)

10        **H.  Seventh Post-Conviction Proceeding**

11        On January 15, 2008, Petitioner filed a "motion for wavier of community

12   supervision" which the trial court construed as a petition for post-conviction relief.

13   (Respondents' Exhs. NN, OO)  Petitioner argued that the trial court had failed to inform him

14   before he pleaded guilty that "he would be required to serve a term of community

15   supervision consecutive to his actual term of imprisonment."  (Respondents' Exh. NN)

16   Petitioner further argued that the State's alleged failure to provide notice of the proffered

17   aggravators denied him due process; the court abused its discretion by imposing an

18   aggravated sentence; the court subjected Petitioner to double jeopardy and double

19   punishment by sentencing him to both prison and community supervision; and counsel was

20   ineffective for failing to advise him about the community supervision requirement.

21   (Respondents' Exh. NN)  On February 22, 2008, the trial court[4] dismissed the post-

22   conviction proceeding as untimely and denied Petitioner's claims as precluded.

23   (Respondents' Exh. OO)[5]   The court explained that:

24            Defendant claims his sentence is illegal, he was not told at the time

25   _____

26        [4]  The Honorable Helene Abrams presided.

27        [5]  For reasons that are not clear, on February 21, 2008, a separate order summarily denying
     the "motion for waiver of community supervision" was entered by another judge, Michael W.
28   Kemp. (Respondents' Exh. PP)

of his plea that he would have to serve a term of community supervision, and his due process and double jeopardy rights were violated. Defendant cannot raise these claims in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Ariz.R.Crim.P. 32.4(a). None of defendant's claims fall within these exceptions to the timeliness requirement. In addition, defendant is precluded from relief on these claims pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure, because these claims either could or should have been raised in his first Rule 32 proceeding.

(Id.) Petitioner did not seek review in the appellate court. (Respondents' Exh. QQ)

## II. Timeliness under the AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one year statute of limitations for filing a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

### A. Commencement of Limitations Period

The AEDPA's one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevent from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsection (A) applies in this case. A petitioner whose judgment became final before the AEDPA's effective date had a one-year grace period to file a § 2254 petition. *Malcolm v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). In *Patterson*, the Ninth Circuit held that "AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Federal

1    Rule of Civil Procedure Rule 6(a)[6] and ended on April 24, 1997 in the absence of statutory

2    tolling." *Id.*   Here, Petitioner's conviction became final on December 3, 1990, 30 days after

3    the Arizona Court of Appeals dismissed his direct appeal.  (Respondents' Exh. H at 4); 28

4    U.S.C. § 2244(d)(1)(a); *Hemmerle v. Schriro*, 495 F.3d 1069, 1072-74 (9th Cir. 2007);

5    Ariz.R.Crim.P. 31.19(a) (establishing 30-day limit for petitioning Arizona Supreme Court to

6    review court of appeals' decision on direct appeal.)  Accordingly, the limitations period

7    commenced on April 25, 1996 and Petitioner had until April 24, 1997 to file his § 2254

8    petition.  *Id.*   Petitioner did not file his pending petition until March 14, 2008.  (docket # 1)

9    Therefore, absent tolling, it is untimely.

10          **B.  Tolling the Limitations Period**

11          **1.  Statutory Tolling**

12          AEDPA's limitations period is tolled during the time that a "properly filed

13   application for State post-conviction or other collateral review with respect to the pertinent

14   judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  *See Allen v. Siebert*, ___U.S.___,

15   128 S.Ct. 2 (2007) (reiterating that "that time limits, no matter their form, are 'filing'

16   conditions," and that a state postconviction petition is therefore not "properly filed" if it was

17   rejected by the state court as untimely.")(citation omitted); *Stevens v. Hickman*, No.

18   C99-4316-CW (PR), 2000 WL 1092242, * 2 (N.D. Cal., July 26, 2000) (quoting *Nino v.

19   Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)) (stating that an application for collateral review

20   is pending in State court for "all the time during which a state prisoner is attempting,

21   through proper use of state court procedures, to exhaust state remedies with regard to a

22   particular post-conviction application.").

23          As discussed above, the statute of limitations commenced on April 25, 1996.  The

24   limitations period ran for 354 days until April 14, 1997 when Petitioner commenced his

25

26   ───────────────

27        [6] Rule 6(a)(1) provides that "in computing any time period specified in these rules or in any local rule, court order, or statute . . . [e]xclude the day of the act, event, or default that begins the period."

28

1  fifth[7] post-conviction action which the state court considered properly filed.  (Respondents'

2  Exhs.Y, Z) Petitioner's fifth post-conviction proceeding concluded on December 13, 1999,

3  when the Arizona Court of Appeals declined to review Petitioner's claims and Petitioner did

4  not seek review in the Arizona Supreme Court.  (Respondents' Exh. EE) The statute of

5  limitations resumed on December 14, 1999, ran for the remaining eleven days, and expired

6  on December 24, 1999.  Petitioner filed his pending § 2254 Petition on March 14, 2008, over

7  eight years after the limitations period expired. (docket # 1)

8         After the AEDPA limitations period expired, Petitioner commenced two more post-

9  conviction actions on June 4, 2006 and January 15, 2008.  (Respondents' Exhs. FF, NN)

10  Because the AEDPA statute of limitations had already run by the time Petitioner

11  commenced these post-conviction actions, statutory tolling will not save his Petition.  Once

12  the AEDPA limitations period expires, a subsequently filed petition for post-conviction

13  relief cannot restart the statute of limitations.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.

14  2001).  Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to

15  zero); it can only serve to pause a clock that has not yet fully run.  Once the limitation period

16  is expired, collateral petitions can no longer serve to avoid a statute of limitation.'" *Johnson*

17  *v. Galaza*, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1 (N.D.Ca., Feb. 7, 2001) (

18  quoting *Rashia v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).  *See also*, *Ferguson v.*

19  *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit

20  reinitiation of the limitations period that has ended before the state petition was filed.").

21         In summary, the limitations period expired on December 24, 1999.  Petitioner's

22  subsequently filed petitons for post-conviction relief do not toll the statute of limitations.

23         Petitioner's pending § 2254 Petition, filed on March 14, 2008, is untimely and the

24  Court need not reach the merits of Petitioner's claims unless he establishes a basis for

25  equitable tolling.

26  _____

27     [7] Petitioner's first four post-conviction proceedings were commenced and concluded before
    AEDPA's effective date, April 24, 1996, and therefore, do not toll the limitations period.  (*see*

28  Respondents' Exhs.  J-X, QQ at 4)

2. **Equitable Tolling**

a. *Bowles v. Russell*, ___ U.S. ___ , 127 S.Ct. 2360 (2007)

Respondents argue that in view of the Supreme Court's decision in *Bowles v. Russell*, ___ U.S. ___ , 127 S.Ct. 2360 (2007), the AEDPA is not subject to equitable tolling.  In *Bowles*, the Supreme Court held that the timely filing of an appeal in a civil case is a jurisdictional requirement. *Id.* at 2366.  The *Bowles* Court reasoned that because federal statutes set forth time limits on filing a notice of appeal and reopening the appeal period, Congress intended to preclude a court from exercising jurisdiction over otherwise legitimate cases after a ceratin period of time had elapsed after final judgment. *Id.*

Similar to the federal statutes at issue in *Bowles*, the AEDPA establishes time limits on when a petitioner may file a petition for writ of habeas corpus.  28 U.S.C.§ 2244(d)(1).  On two occasions, the Supreme Court has denied *certiorari* on the issue of whether these limits are jurisdictional.  *See David v. Hall*, 540 U.S. 815 (2003); *Flanders v. Graves*, 537 U.S. 1236 (2003).  The Supreme Court has noted that it has never squarely addressed whether equitable tolling applies to the AEDPA's statute of limitations.  *Lawrence* v. *Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007).  The Ninth Circuit has not addressed whether *Bowles* applies to the AEDPA.  However, a recent decision in the District of Arizona followed the Second Circuit in holding that *Bowles* does not apply to the AEDPA. *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL 370900, * 2 (D.Ariz., Feb. 11, 2008) (citing *Diaz v. Kelly*, 515 F.3d 149, 153 (2nd Cir. 2008)).  In reaching its conclusion that the AEDPA limitations period is subject to equitable tolling, the Second Circuit noted that "the Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States*, ___ U.S. ___, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), confirm[ed its] view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54." *Diaz*, 515 F.3d at 153.

Although the Court is inclined to follow *Hernandez* and hold that *Bowles* does not apply to the AEDPA, the Court need not resolve that issue because even assuming equitable

1    tolling remains viable after *Bowles*, as Respondents alternatively argue, Petitioner does not

2    satisfy the requirements for such tolling.

3        **b. Standard for Equitable Tolling**

4        The Ninth Circuit has held that the AEDPA's limitations period may be equitably

5    tolled because it is a statute of limitations, not a jurisdictional bar.  *Calderon v. United States*

6    Dist. Ct. *(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),* overruled, in part, on other grounds

7    *by, Calderon v. United States Dist. Ct. (Kelly)*,163 F.3d 530, 540 (9th Cir. 1998).  The Ninth

8    Circuit has held that tolling is appropriate when "extraordinary circumstances beyond a

9    prisoner's control make it impossible to file a petition on time."  *Id.*; *see also, Stillman v.*

10   *LaMarque,* 319 F.3d 1199, 1202 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1067

11   (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under

12   AEDPA] is very high, lest the exceptions swallow the rule.")(citations omitted); *Spitsyn v.*

13   *Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's

14   lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute

15   of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

16       In a recent case, the Supreme Court avoided deciding whether the AEDPA's statute

17   of limitations may be equitably tolled.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

18   However, because the parties argued that it could, the Court assumed that equitable tolling

19   applies and observed that a petitioner seeking equitable tolling must show: "(1) that he has

20   been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

21   way."  *Pace*, 544 U.S. at 418.   A petitioner must also "show that the extraordinary

22   circumstances were the cause of his untimeliness."  *Bryant v. Ariz. Attorney Gen.*, 499 F.3d

23   1056, 1061 (9th Cir. 2007) (quotations omitted).

24       Petitioner argues that he is entitled to equitable tolling because his "case was mailed

25   to the wrong court."  The Court assumes Petitioner means that his § 2254 Petition was

26   initially mailed to the wrong court, delaying the filing of the pending Petition.  Petitioner

27   also asserts that the prison facility's legal assistant was unable to adequately assist him.

28   (docket # 1 at 11)  Petitioner does not provide any details regarding these assertions.

1    Presumably, Petitioner provided the address to which his "case" should be mailed.

2    Petitioner's own negligence in mailing his petition to the wrong court and his lack of legal

3    knowledge do not warrant equitable tolling.  Indeed, even an attorney's mistake or ordinary

4    negligence does not justify equitable tolling.  *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct.

5    1079, 1085 (2007).  *See also*, *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002)

6    (affirming denial of equitable tolling where *pro se* petitioner filed his petition untimely on

7    the basis of erroneous information provided by attorney appointed to represent him on direct

8    appeal); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (affirming denial of equitable

9    tolling where petitioner's attorney miscalculated the limitations period).

10          Likewise, Petitioner's lack of familiarity with the law and lack of legal assistance do

11   not constitute extraordinary circumstances sufficient to toll the limitations period.  *Rasberry*

12   *v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because

13   neither the district court's failure to advise the petitioner of the right to amend his petition to

14   include unexhausted claims nor petitioner's inability to correctly calculate the limitations

15   period were extraordinary circumstances warranting equitable tolling); *Ballesteros v.*

16   *Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927 (D.Ariz., February 26, 2007) (noting

17   that a petitioner's *pro se* status, ignorance of the law, lack of representation during the

18   applicable filing period, and temporary incapacity do not constitute extraordinary

19   circumstances) (citing *Fisher v. Johnson*, 174 F.3d 170, 714-15 (5th Cir. 1999)).  "[I]t is well

20   established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally

21   does not excuse prompt filing.'"  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

22   (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999).  *See also*, *Hughes v. Idaho*

23   *State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that a *pro se*

24   prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor

25   amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim).

26          Similarly, Petitioner's status as a prison inmate does not constitute an extraordinary

27   circumstance beyond his control warranting the tolling of the one-year limitations period.

28   *Marsh*, 223 F.3d at 1220.  The ordinary difficulties inherent in prison life do not constitute

1  extraordinary circumstances sufficient to toll the AEDPA limitations period. *Bomar v.*

2  *Schriro,* 2008 WL 4183382, * 8 (D. Ariz., Sept. 11, 2008); *Shannon v. Newland*, 410 F.3d

3  1083, 1090 (9th Cir. 2005) (stating that "[e]ach of the cases in which equitable tolling has

4  been applied have involved wrongful conduct, either by state officials or occasionally, by

5  the petitioner's counsel.").

6      Additionally, because Petitioner had no right to counsel in his collateral proceedings,

7  the prison legal assistant's alleged inability to assist Petitioner does not constitute an

8  extraordinary circumstance that warrants equitable tolling. *Cook v. Schriro*, 538 F.3d 1000,

9  1027 (9th Cir. 2008); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). Moreover,

10  Petitioner has not shown a causal link between the alleged mailing error or his lack of legal

11  assistance and the untimely filing of his § 2254 petition. *See Bryant*, 499 F.3d at 1061.

12      Even if Petitioner demonstrated extraordinary circumstances, equitable tolling is not

13  available because he has not met his burden of showing that he has been pursuing his rights

14  diligently. *Pace,* 544 U.S. at 418; *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th

15  Cir. 2005) (stating that petitioner bears the burden of demonstrating grounds for equitable

16  tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 1992). It is only when external

17  forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

18  habeas petition that equitable tolling may be appropriate. *Miles v. Prunty*, 187 F.3d 1104,

19  1107 (9th Cir. 1999). Equitable tolling is not permissible if the claimant has failed to

20  exercise due diligence in preserving his legal rights. *Pace*, 544 U.S. at 418.

21      In *Pace*, the Supreme Court noted that although Petitioner's claims were available in

22  1986 and 1991, he "waited years without any valid justification" to assert those claims in an

23  untimely state petition. *Pace*, 544 U.S. at 418. Because Petitioner sat "on his rights for years

24  before he filed his [state] petition" and "also sat on them for five more months after his

25  [state] proceedings became final before deciding to seek relief in federal court, the Court

26  concluded that Petitioner's lack of diligence precluded equitable relief." *Id.*

27      Similar to *Pace*, Petitioner is not entitled to equitable tolling on any basis because he

28  failed to exercise diligence in pursuing his claims. *Pace*, 544 U.S. at 418. *See also*, *Johnson*

1    *v. United States*, 544 U.S. 295, 311 (2005) (finding that petitioner did not diligently pursue

2    his claims where he did not commence state post-conviction proceedings until three years

3    after judgment was entered and 21 months after the AEDPA's effective date); *Guillory v.*

4    *Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that petitioner was not entitled to

5    equitable tolling due to his lack of diligence); *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir.

6    2001) (finding no equitable tolling where petitioner waited over two years after his

7    conviction became final (and ten months after the AEDPA's effective date) to file his first

8    habeas petition).

9          The fact that Petitioner filed multiple petitions for post-conviction relief before,

10   during, and after the running of the AEDPA limitations period, indicate the he was able to

11   present his claims, but chose to do so in state, rather than federal, court.  Additionally, after

12   Petitioner's fifth post-conviction proceeding was dismissed in December of 1999,

13   Petitioner's case lay dormant for nearly seven years until he filed his sixth notice of

14   post-conviction relief in June 2006.  (Respondents' Exhs EE, FF)   The extended period of

15   inactivity between Petitioner's fifth and sixth petitions for post-conviction relief alone

16   illustrates Petitioner's lack of diligence.  *See Johnson v. McCaughtry*, 265 F.3d 559, 565-66

17   (7th Cir. 2001) (holding that petitioner did not exercise diligence because he had no motions

18   or cases pending in state or federal court during three intervals totaling 364 days).

19         Petitioner fails to demonstrate that he diligently pursued his rights and that an

20   "extraordinary circumstance" prevented him from filing a timely § 2254 petition.  *Pace,* 544

21   U.S. at 418.  Accordingly, there is no basis for equitably tolling the AEDPA statute of

22   limitations and the Petition should be dismissed as untimely.

23         Because Petitioner's habeas petition is untimely under the ADEPA and equitable

24   tolling is not justified, the Court does not address the merits of Petitioner's claims, or

25   Respondents' contention that Petitioner's claims are procedurally defaulted and barred from

26   federal review.

27         Accordingly,

28

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 5th day of January, 2009.


Lawrence O. Anderson
United States Magistrate Judge

- 16 -